The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. Plaintiff became employed by Central Piedmont Community College as a cooking instructor assigned to provide vocational training to inmates at the Mecklenburg II Correctional Center in Huntersville, North Carolina.
2. Initially, plaintiff taught classes in the cafeteria but was thereafter assigned at her request to a mobile classroom unit.
3. On June 26, 1991 while teaching in her classroom at the prison, an inmate confrontation occurred in the presence of plaintiff.
4. When the argument between the inmates began, plaintiff attempted to break it up by instructing one inmate to take a walk and the other to sit down.
5. Plaintiffs last date of work at defendants facility was August 8, 1991.
6. In September 1991 plaintiff obtained counseling services from psychologist, Alice Sudduth.
7. Ms. Sudduth provided relaxation therapy and supportive psychotherapy to plaintiff to reduce her anxiety.
8. On August 9, 1994 the Full Commission entered an Opinion and Award in favor of the plaintiff on her workers compensation claim, IC # 171897, against the N.C. Department of Community Colleges.
9. The N.C. Department of Community Colleges appealed to the Court of Appeals.
10. On October 15, 1996 the Court of Appeals affirmed the decision of the Full Commission.
11. A Pre-Trial Agreement dated October 21, 1998 was submitted by the parties and is incorporated by reference. In addition, following the hearing before the Deputy Commissioner, the parties were allowed time to depose Larry Utley and correctional experts. The parties apparently did not take the deposition of Mr. Utley but submitted the depositions of Alice Sudduth, Charles Beaver and Michael Wayne York for review.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
 FINDINGS OF FACT
1. As of June 26, 1991, plaintiff had been employed by Central Piedmont Community College for approximately three years. Her job involved teaching cooking classes to inmates incarcerated at Mecklenburg Correctional Center in Huntersville. She initially taught her classes in the kitchen and cafeteria but later asked that she be allowed to use the trailer where the law library was located because of the noise in the cafeteria. The trailer did not have a telephone or other forms of communication, but she found it preferable for her classes.
2. Plaintiff has filed this tort claim regarding an incident, which occurred on June 26, 1991. While the inmates were gathering in the trailer for class on that date, two of them were arguing. A third inmate incited the two to fight. Once she realized that a fight was going to occur, plaintiff stepped outside of the trailer and told two correctional officers standing next to the cafeteria that she needed assistance. She then returned to the classroom and found the two inmates still fighting. No officer came to help, so she then sent another inmate from her class to get assistance. By the time a correctional officer arrived at the trailer, the fight had stopped. Subsequent to this event, plaintiff developed symptoms of anxiety and depression, which required psychological treatment. She has claimed that her emotional condition was due to negligence on the part of several correctional officers and officials, only one of whom could have been one of the two men standing at the cafeteria when she called for help.
3. Prior to filing this tort claim, plaintiff filed a workers compensation claim regarding this incident of June 26, 1991. Although her employer denied liability, she obtained a judgment in her favor from the Industrial Commission, which was subsequently affirmed by the Court of Appeals. Plaintiff ultimately received compensation for temporary total disability for thirty-seven weeks ending May 15, 1992. Her claim for continuing disability was denied based upon credibility grounds.
4. Defendant has moved for dismissal of this claim because of the exclusive remedy doctrine of the Workers Compensation Act.
5. On June 26, 1991, plaintiff was a state employee inasmuch as her employer, the N.C. Department of Community Colleges, was an agency of the State of North Carolina. Her workers compensation benefits were paid from state funds. She has alleged negligence on the part of employees of the N.C. Department of Correction who were also state employees. Although they worked for different agencies, plaintiff and the correctional officers were employed by the same employer, the State of North Carolina.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. The N.C. Department of Correction and the N.C. Department of Community Colleges were both agencies of the State of North Carolina so that plaintiff and the correctional officers and officials named in her affidavit were all state employees on the date in question. G.S. 97-2(2); G.S. 43-291.
2. Although there has been no appellate decision in this state on the issue raised by this case, it is presumed that North Carolina would follow the prevailing law from other jurisdictions which, based upon the exclusive remedy doctrine of workers compensation, bar an employee of one state agency from suing an employee of another state agency. 6 Larson, Larsons Workers Compensation Law 72.85(c), (1999).
3. Having sustained a compensable injury under the terms of the Workers Compensation Act, plaintiffs only remedies against her employer were as provided in the Workers Compensation Act. G.S.97-10.1.
4. The Industrial Commission does not have jurisdiction over this tort claim, which was filed against the State of North Carolina for an injury, which occurred during plaintiffs employment, by the State of North Carolina. G.S. 10.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Plaintiffs claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
This the ___ day of June 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER